# EXHIBIT F



THE SECRETARY OF EDUCATION
WASHINGTON, DC 20202

March 28, 2025

Dear State Chiefs of Education:

I write to inform you of a modification to the time period to liquidate obligations under the Education Stabilization Fund, including all programs funded by the CRRSA and ARP acts.

Under 2 CFR § 200.344(c), a federal award recipient must liquidate all obligations no later than 120 calendar days after the conclusion of the award. A federal agency "may approve extensions" if the agency, in its discretion, finds that such an extension is "justified." *Id.* Here, the period to liquidate obligations for these Grant Awards expired. In response to a liquidation extension request, the Department of Education previously granted a discretionary extension of the period of liquidation. But the Department has reconsidered your request.

After careful review, the Department is modifying the liquidation period to end on March 28, 2025. The Department has concluded that the further extension of the liquidation period for the aforementioned grants, already well past the period of performance, was not justified. You and your subrecipients have had ample time to liquidate obligations. Indeed, the applicable regulation provided clear notice of the deadline for liquidating "all financial obligations incurred": "no later than 120 calendar days after the conclusion of the period of performance." *Id.* By failing to meet the clear deadline in the regulation, you ran the risk that the Department would deny your extension request. Extending deadlines for COVID-related grants, which are in fact taxpayer funds, years after the COVID pandemic ended is not consistent with the Department's priorities and thus not a worthwhile exercise of its discretion.

The Department's initial approval of your extension request does not change anything. The extension approval was issued recently, so any reliance interests developed are minimal. Moreover, an agency may reconsider its prior decision.[1] So you could not rely on the Department adhering to its original decision. That is especially true because the extension was a matter of administrative grace. You were entitled to the full award only if you liquidated all financial obligations within 120 days of the end of the period of performance. You failed to do so. Any reliance on a discretionary extension subject to reconsideration by the agency was unreasonable. Accordingly, on reconsideration, the Department amends the period of liquidation to end on March 28, 2025, at 5:00pm ET.

However, even though the COVID pandemic and the liquidation period under the applicable regulations have ended, the Department will consider an extension to your liquidation period on an individual project-specific basis. To obtain an extension, please submit a statement to the email address listed below explaining (1) how a particular project's extension is necessary to mitigate the effects of COVID on American students' education, and (2) why the Department should exercise its discretion to grant your request.

---

[1] *Ivy Sports Med., LLC v. Burwell*, 767 F.3d 81, 86 (D.C. Cir. 2014) (Kavanaugh, J.) ("[T]he power to reconsider is inherent in the power to decide." (cleaned up)).

Thank you for your work to implement the Education Stabilization Fund. If you have any questions, please contact the Department at ESSERF@ed.gov

Sincerely,

Linda McMahon
Secretary of Education
U.S. Department of Education