

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 15, 2025

**By ECF**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *State of New York*, *et al. v. U.S. Department of Education*, *et al.*, No. 25 Civ. 2990 (ER) (BCM)

Dear Judge Ramos:

      This Office represents Defendants Secretary Linda McMahon and the U.S. Department of Education (the "Department" or "ED") in connection with the above-referenced action. We write respectfully in response to Plaintiffs' request for an emergency *ex parte* Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") (ECF Nos. 83-87), which were docketed yesterday afternoon.

      As the Court is aware, on May 6, 2025, following a hearing regarding a preliminary injunction motion filed by Plaintiffs on April 11, 2025, the Court issued an Order enjoining the Department "from enforcing or implementing as against Plaintiffs during the pendency of this litigation or until further order of the Court the directives in the March 28, 2025 letter from Education Secretary Linda McMahon to State Education Chiefs, Doc. 1-1 ('Letter'), which (a) rescinded the prior approvals granted by the U.S. Department of Education ('ED') extending the periods of time for Plaintiffs to liquidate their obligations under the Education Stabilization Fund, as that term is defined in the Letter ('ESF'), and (b) modified Plaintiffs' periods to liquidate their obligations under the ESF to expire as of 5:00pm ET on March 28, 2025." ECF No. 77 (the "PI Order"). But the PI Order also allowed for the Department to "modify[] ED's previously-approved periods for Plaintiffs to liquidate their obligations under the ESF" so long as the Department "provid[ed] notice to Plaintiffs at least fourteen (14) days prior to the effective date of such modification." *Id.* Plaintiffs requested that this language be included in the PI Order. *See* ECF No. 11-2 (proposed PI Order).

      In compliance with the terms of the PI Order, on May 11, 2025, the Department sent a "Dear Colleague" letter to Plaintiffs informing them that the Department "is modifying the period to liquidate obligations under the ESF program to terminate on May 25, 2025."[1] May 11 Ltr.,

---

[1] The original letters that were sent to the Plaintiffs listed May 24, 2025, as the date on which the liquidation period terminated. This was a typographical error, and the letters posted on the

*available at* https://www.ed.gov/media/document/2025-esf-funding-states-reimbursement-status-109987.pdf.  The May 11 Letter sets forth the statutory basis and reasoning for the Department's rescission of the previously granted liquidation period extensions, and also notes that "the Department will still consider particularized extension requests for specific projects." May 11 Ltr. at 3.  Plaintiffs do not claim that the Department's issuance of the May 11 Letter violated the PI Order.

Despite the PI Order's explicit language permitting the Department to rescind previously granted liquidation extension requests on fourteen days' notice, Plaintiffs have moved for an emergency, *ex parte* TRO, and seek to litigate another preliminary injunction motion even though they have not amended their complaint to reflect allegations related to the May 11 Letter.  This request for emergency relief is improper and unwarranted.

Pursuant to Federal Rule of Civil Procedure 65(b), the Court may issue a temporary restraining order without notice to the adverse party or its attorney "only if:  (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Plaintiffs do not and cannot satisfy this standard.  In their affirmation in support of the motion for an *ex parte* TRO, Plaintiffs do not explain why an *ex parte* TRO is appropriate apart from stating in conclusory fashion that it is "necessary to prevent Plaintiffs from suffering further irreparable harm."  Thompson Affirmation ("Thompson Aff."), ECF No. 84, ¶ 7.  Plaintiffs do not explain why the Department should not be allowed to oppose the motion for a PI in the ordinary course in a case where litigation has already commenced and the parties have appeared and even argued before the Court.

Nor does the States' Affirmation account for the fact that the actions taken by the Department as set forth in the May 11 Letter were permitted by the PI Order, which was written by Plaintiffs and entered by the Court. Plaintiffs cannot now, eight days after the Court entered the PI Order, seek emergency *ex parte* relief simply because the Department has taken action permitted by the PI Order.  In addition, Plaintiffs do not explain why they would suffer "further irreparable harm," Thompson Aff. ¶ 7, that could not be addressed by the parties in briefing relating to the States' new PI motion and through the normal course of litigation.  If Plaintiffs wish to challenge any actions taken by the Department as reflected in the May 11 Letter, they should amend their complaint to reflect those new allegations and request whatever relief they deem appropriate. Plaintiffs' current application, however, is improper.

Accordingly, the Court should deny Plaintiffs' motion for an *ex parte* TRO.  Unless otherwise directed by the Court, the Department intends to file its response to Plaintiffs' latest PI application in the normal course, on May 28, 2025, as provided by Local Rule 6.1(b).  We thank the Court for its attention to this matter.

---

Department's website list the correct deadline of May 25, 2025, fourteen days from the issuance of the letters on May 11, 2025.

        Respectfully,

        JAY CLAYTON
        United States Attorney for the
        Southern District of New York

By:    /s/ *Dana Walsh Kumar*
        CHRISTOPHER K. CONNOLLY
        DANA WALSH KUMAR
        Assistant United States Attorneys
        Tel.: (212) 637-2741/2761
        Email: Dana.Walsh.Kumar@usdoj.gov
               Christopher.Connolly@usdoj.gov

cc: Plaintiffs' Counsel (by ECF)